RP

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert John Figurowski, | No. CV-06-41-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

On January 4, 2006, Robert John Figurowski (Plaintiff), presently confined in the Maricopa County Durango Jail in Phoenix, Arizona (Durango Jail), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983. This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.[1]

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

- 1 -

JDDL

1 Plaintiff did not pay the two hundred and fifty dollar ($250.00) filing fee, but filed a 2 "Motion For Leave To Proceed In Forma Pauperis" (Motion) with the Complaint. Because 3 Plaintiff's Motion was deficient as an "Application To Proceed In Forma Pauperis By A 4 Prisoner Civil (Non-Habeas)" (Application To Proceed) in this Court in several respects, the 5 Motion was denied without prejudice by Order filed January 31, 2006 (Document #3). 6 Plaintiff was given thirty (30) days from the filing date of the Order to pay the two hundred 7 and fifty dollar ($250.00) filing fee, or in the alternative, to file with the Court a certified 8 Application to Proceed, using the form included with the Order, and a certified copy of his 9 inmate trust fund account statement (or institutional equivalent) for the six (6) months 10 immediately preceding the filing of the Complaint.

## APPLICATION FAILS TO COMPLY WITH STATUTE

12 On March 6, 2006, Plaintiff filed an uncertified Application To Proceed (Document 13 #4) which is also deficient in several respects. First, the "Certificate Of Correctional Official 14 As To Status Of Applicant's Trust Account" section of the Application To Proceed has not 15 been completed, and therefore, the Application To Proceed has not been signed by an 16 authorized officer of the institution and it does not list the sum Plaintiff has in his account 17 at the institution, list the average monthly balance Plaintiff had during the past six (6) 18 months, or list the average monthly deposits to Plaintiff's account for the past six (6) months. 19 Second, Plaintiff's Application To Proceed does not included a copy of his trust fund account 20 statement (or institutional equivalent) for the six (6) months immediately preceding the filing 21 of the Complaint which is certified by an authorized officer of the institution as required.

22 Accordingly, Plaintiff's Application To Proceed will be denied without prejudice and 23 Plaintiff will be given thirty (30) days to submit a new Application To Proceed, using the 24 form included with this Order, and a certified copy of his trust fund account statement(s) for 25 the six (6) months immediately preceding the filing of the Complaint.

26 If Plaintiff submits a new, certified Application To Proceed and a certified copy of his 27 trust fund account statement(s) for the six (6) months immediately preceding the filing of the 28 Complaint, instead of immediately paying the two hundred and fifty dollar ($250.00) filing

**JDDL**

- 2 -

1  fee, the Court will assess and, when funds exist, collect an initial partial filing fee of twenty
2  percent (20%) of the greater amount of either the average monthly deposits or the average
3  monthly balance in Plaintiff's account for the six (6) months immediately preceding the filing
4  of the Complaint. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee,
5  Plaintiff will be required to make monthly payments equaling twenty percent (20%) of the
6  preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).

7  The agency having custody of Plaintiff will be required to forward payments from his
8  account to the Clerk of the Court each time the amount in the account exceeds ten dollars
9  ($10.00) until the filing fee is paid. Id.

### STATUTORY LIMITATIONS ON PRISONER COMPLAINTS

11  Plaintiff should note that even after he pays the filing fee, the Court will dismiss the
12  case at any time if the Court determines the allegation of poverty is untrue, the action is
13  frivolous or malicious, the Complaint fails to state a claim upon which relief may be granted,
14  or monetary relief is sought against a defendant who is immune from such relief. 28 U.S.C.
15  § 1915(e)(2). The Court also will dismiss the Complaint if Plaintiff fails to exhaust any
16  administrative remedy available to him. 42 U.S.C. 1997e(a).

17  Plaintiff also should note that a prisoner may not bring a civil action without complete
18  prepayment of the appropriate filing fee if the prisoner has brought on three (3) or more
19  occasions an action or appeal in a federal court that was dismissed as frivolous, as malicious,
20  or for failure to state a claim upon which relief may be granted, unless the prisoner is in
21  imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

### RULE 41(b) WARNING

23  Plaintiff is cautioned that if he fails to timely comply with every provision of this
24  Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
25  41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th
26  Cir.) (district court may dismiss action for failure to comply with any order of the court), cert.
27  denied, 506 U.S. 915 (1992).

28

JDDL

**IT IS THEREFORE ORDERED:**

(1)  That Plaintiff's "Application To Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> By A Prisoner Civil (Non-Habeas)" (Document #4) is DENIED WITHOUT PREJUDICE;

(2)  That Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to pay the two hundred and fifty dollar ($250.00) filing fee, or in the alternative, to file with the Court a new, certified "Application To Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> By A Prisoner Civil (Non-Habeas)" (Application To Proceed), using the form included with this Order. Plaintiff's Application To Proceed shall have an original signature by Plaintiff, and shall include a copy of his trust fund account statement (or institutional equivalent) for the six (6) months immediately preceding the filing of the Complaint which is certified by an authorized officer of the institution.  Both Plaintiff's Application To Proceed and trust fund account statement shall have an original signature of an authorized officer of the institution.  If Plaintiff was held at more than one institution during the six (6) months immediately preceding the filing of the Complaint, he shall file a certified trust fund account statement(s) (or institutional equivalent) for each institution where he was confined.  **The trust fund account statement(s) must show deposits and average balances for each month;**

(3)  That the Clerk of Court is DIRECTED to enter a judgment of dismissal without prejudice if Plaintiff fails to pay the two hundred and fifty dollar ($250.00) filing fee, or in the alternative, if he fails to file a certified Application To Proceed and a copy of his trust fund account statement(s) (or institutional equivalent) for the six (6) months immediately preceding the filing of the Complaint, which is certified by an authorized officer of the institution, within thirty (30) days of the filing date of this Order;

(4)  That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. <u>See</u> Rule 5.4, Local Rules of Civil Procedure (LRCiv). **Failure to comply with this requirement will result in the pleading or document being stricken without further notice to Plaintiff**;

(5)   That at all times during the pendency of this action, Plaintiff SHALL

1 IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address
2 and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF
3 ADDRESS." The notice shall contain only information pertaining to the change of address
4 and its effective date, except that if Plaintiff has been released from custody, the notice
5 should so indicate. The notice shall not include any motions for any other relief. Failure to
6 file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for
7 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

8     (6) That the Clerk of the Court is DIRECTED to provide Plaintiff with a current
9 Court-approved form for filing an Application To Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> By A Prisoner
10 Civil (Non-Habeas).

11     DATED this 29th day of March, 2006.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge

JDDL

- 5 -

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $250.00 for a civil action. If you later file an appeal, you will be obligated to pay the $255.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from <u>each</u> institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 2/7/05

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____,  )  CASE NO. _____
                   Plaintiff,  )
                               )
            vs.                )       APPLICATION TO PROCEED
                               )       *IN FORMA PAUPERIS*
_____,  )        BY A PRISONER
                 Defendant(s). )       CIVIL (NON-HABEAS)
                               )

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?   ☐Yes   ☐No   If "Yes," how many have you filed? _____.
Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?   ☐Yes   ☐No   If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
If "Yes," state the amount of your pay and where you work. _____
_____

3. Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
If "Yes," state the source and amount of the payments. _____
_____

4. Do you have any other sources of income, savings, or assets either inside or outside of the institution where

you are confined?  ☐Yes  ☐No
If "Yes," state the sources and amounts of the income, savings, or assets. _____

I declare under penalty of perjury that the above information is true and correct.

_____                    _____
DATE                                    SIGNATURE OF APPLICANT

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information. I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).

My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:

(A) the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B) the average monthly balance in my account for the six-month period preceding my filing of this action.

My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income. Whenever the amount in my account reaches $10, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full. I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____                    _____
DATE                                    SIGNATURE OF APPLICANT

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
      (Printed name of official)
The applicant's trust account balance at this institution is:                    $_____
The applicant's average monthly deposits during the prior six months is:         $_____
The applicant's average monthly balance during the prior six months is:          $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____   _____   _____   _____
DATE     AUTHORIZED SIGNATURE    TITLE/ID NUMBER  INSTITUTION